UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                  :
:
                         Plaintiff,    :
:           16-cr-851 (VSB)
    -against-                              :
:           **OPINION & ORDER**
ANDRE SPAULDING,                           :
:
                       Defendant.    :
:
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/6/2021

VERNON S. BRODERICK, United States District Judge:

    Before me is the pro se motion of Andre Spaulding ("Defendant" or "Spaulding") requesting that I release him to home confinement. (Spaulding Mot. 1.)[1] Because I lack discretion to grant this request, and even if I construed Spaulding's motion as one for compassionate release, I find that his release is not warranted based on the reasons in my previous Opinion & Order, (Doc. 297), Spaulding's motion is DENIED.

I. **Background and Procedural History**[2]

    Spaulding pleaded guilty on November 28, 2017, pursuant to a plea agreement, to conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349. (Docs. 131, 168 ¶ 2.) The plea agreement calculated Spaulding's Sentencing Guidelines range as 63 to 78 months' imprisonment. (*Id.* ¶ 17.) After considering the factors contained in Title 18, United States Code, Section 3553(a), I sentenced Spaulding to 40 months' imprisonment, three years of supervised release, and ordered him to pay approximately $201,412.70 in restitution to the victims of his offense. (*See generally* Doc. 253.) Spaulding is currently housed at FCI Hazelton ("Hazelton"), and his release date is December 29, 2021. *Find an Inmate*, Fed. Bureau of Prisons (last visited October 5,

---

[1] "Spaulding Mot." refers to Andre Spaulding's letter motion filed May 10, 2021. (Doc. 308.)

[2] On August 27, 2020, I issued an Opinion & Order denying Spaulding's motion for compassionate release. (Doc. 297, "O&O" or "Opinion & Order".) A more detailed history on the background of this case is contained in that Opinion & Order.

1

2020), https://www.bop.gov/inmateloc/. (*See also* Spaulding Mot. 1, 3.)

Spaulding filed a motion for compassionate release, dated May 1, 2020, on May 20, 2020. (Doc. 283.) Spaulding asked me "to intervene to secure [his] release on the grounds of compassionate release," [and] "allow[] [him] to finish [his] sentence in home confinement." (*Id.* at 1.) Specifically, Spaulding asserted that "the coronavirus pandemic has changed the enviro[n]ment surrounding [his] imprison[]ment", and "has created grave concerns about [his] safety and more importantly the safety of [his] family in New York which is a constant worry for [him]." (*Id.*) Because I found that, although the Government had waived any argument that Spaulding had not exhausted his administrative remedies by failing to address Spaulding's Inmate Request form and the response from the Facility Administrator, Spaulding had not met his burden of establishing that there existed extraordinary and compelling reasons to reduce his sentence and grant his release; therefore, I denied his motion for compassionate release. (*See generally* O&O.)

On May 10, 2021, Spaulding filed a motion, dated May 6, 2021, for home confinement. (*See* Spaulding Mot.) On July 21, 2021, the Government filed a letter motion in opposition to Spaulding's request, arguing that Spaulding had not exhausted his administrative remedies, there were no "extraordinary and compelling reasons" justifying Spaulding's immediate release because he had been vaccinated against COVID-19, and that the Section 3553(a) factors weighed heavily against releasing him. (Doc. 312, "Govt. Opp.".) I issued an order on June 23, 2021 directing Spaulding to clarify whether he was seeking home confinement or compassionate release. (Doc. 313.) On July 6, 2021, Spaulding filed a letter, dated June 29, 2021, stating that he was seeking home confinement. (Doc. 315, "Reply".) He explained that there had been a change in his citizenship status because his N-600 Certificate of Citizenship had been approved as of May 18, 2021; therefore, he now qualified for home confinement. (Reply 1.) On July 4, 2021, Spaulding's fiancé emailed the Court to inform me where Spaulding would be living if released and where he would be working. His fiancé also provided documents indicating that Spaulding's Form N-600, Application for Certificate of Citizenship had been approved. Spaulding then filed a letter, dated August 14, 2021, requesting an

update on the status of his home confinement request. (Doc. 319.) I informed him that his motion remained under review. (Doc. 320.)

## II. Discussion

Spaulding explains that he is currently being housed at a medium-security facility, and that Hazelton is not transferring prisoners to low-security facilities until 18 months from May 2021.[3] (Spaulding Mot. 1.) He states that his "custody level is low risk, with four points", and that he has had no disciplinary infractions. (*Id.* at 1–2.) He states that he is eligible for home confinement beginning August 31, 2021, and attaches his sentence monitoring computation data. (*Id.* at 2–3.) In his Reply, Spaulding reiterates his request and states that because he is a United States citizen, he now qualifies for home confinement. (*See generally* Reply.) He then references what appears to be USA Today article that provides that "Federal law allows inmates to serve either the remaining 10% or 6 months or shorter of their sentence, whichever is shorter through home confinement." (*Id.* at 1–2.) The Government treats Spaulding's motion as one for compassionate release, and generally reiterates their arguments against release that they asserted in their opposition to Spaulding's earlier compassionate release motion. (*See generally* Govt. Opp.) Additionally, the Government states that "[t]he Government has conferred with Board of Prisons ("BOP") and understands that BOP has no record of any request for compassionate release made by or on behalf of Spaulding." (*Id.* at 3.) The Government points out that Spaulding has now been vaccinated against COVID-19. (*Id.* at 4–8.)

First, I note that Spaulding has previously requested compassionate release, and phrases this request as one for "home confinement." Although the Second Circuit "has not determined whether a district court has the power to order a defendant to serve his term of imprisonment in home confinement[,] [o]ther Circuits . . . have held that this power rests solely with the Bureau of Prisons." *United States v. DiBiase*, 857 F. App'x 688, 689–90 (2d Cir. 2021) (affirming district court's decision to construe defendant's request as seeking a redesignation of home confinement and denying that

---

[3] I noted that based on Spaulding's Reply, it appears that Hazelton's policy is to only transfer inmates who have been at the facility for 18 months. (*See* Reply 1.)

request). Courts within this District, including myself and others, have also followed this approach. *See, e.g.*, *United States v. Javed*, No. 16-CR-601 (VSB), 2021 WL 2181174, at *4 n.8 (S.D.N.Y. May 27, 2021) (explaining that "the authority to place a prisoner in home confinement rests with the BOP" (citation omitted)); *United States v. Konny*, 463 F. Supp. 3d 402, 405 (S.D.N.Y. 2020) ("[T]he authority to place a prisoner in home confinement rests with the BOP under 18 U.S.C. § 3624(c)(2), and the discretion to make such an order 'lies solely with the Attorney General.'") (quoting *United States v. Logan*, No. 15-cr-27, 2020 WL 2559955, at *2 (W.D.N.C. May 20, 2020) (collecting cases)); *United States v. Olivieri*, No. S2 18 CR. 316 (PAC), 2021 WL 4120544, at *2 n.1 (S.D.N.Y. Sept. 9, 2021) ("To be clear, the Court is not permitted to release a defendant to home confinement, as that authority is reserved to the BOP under 18 U.S.C. § 3624(c)(2)."); *see also United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (explaining that "under § 3624(c)(2), the Director of the BOP may place a prisoner in home confinement for the shorter of ten percent of his or her term of imprisonment or six months. The recently passed CARES Act permits the Director of the BOP to extend the period of home confinement permitted under § 3624(c)(2) . . . Because these statutes give authority to place a prisoner in home confinement to the Director of the BOP, not the district court, the district court correctly held that it did not have authority to change Houck's place of imprisonment to home confinement under § 3624(c)(2).").

I see no reason not to follow that approach here. Spaulding's request appears to be one made pursuant to 18 U.S.C. § 3624(c)(2), and I find that I lack the discretion to order that Spaulding serve the remainder of his sentence in home confinement. *See DiBiase*, 857 F. App'x at 690 ("Indeed, the Supreme Court has recognized that the power to determine a prisoner's place of imprisonment 'rests with the BOP.'" (quoting *Tapia v. United States*, 564 U.S. 319, 331(2011))).

Second, even if I were to construe Spaulding's motion as a second motion for compassionate release, I would deny it for essentially the same reasons I denied his first motion for compassionate release. (*See* O&O.) At the outset I note, but do not resolve, that Spauling may not have exhausted his administrative remedies. (*See* Govt. Opp. 3) (stating that "[t]he Government has conferred with

4

BOP and understands that BOP has no record of any request for compassionate release made by or on behalf of Spaulding.".)  Additionally, although I am cognizant of the harsh toll the COVID-19 pandemic has had on the incarcerated, Spaulding has not demonstrated extraordinary and compelling circumstances, (*see* O&O 8–9); this is especially true in light of the fact that Spaulding has since been vaccinated, (*see* Govt. Opp. 4–8).  See *Javed*, 2021 WL 2181174, at *5 (considering that defendant had been vaccinated when denying compassionate release request).  Spaulding also does not cite to any material changes since I denied his prior request for compassionate release that would warrant his release.  Finally, the Section 3553(a) factors counsel against reducing his sentence.  (*See* O&O 9–10.)

### III.   Conclusion

For the reasons stated above, Spaulding's motion for home confinement is DENIED.  The Clerk of Court is respectfully directed to terminate docket entry 308, and mail a of this order to the defendant.

SO ORDERED.

Dated:   October 6, 2021
         New York, New York

*[signature: Vernon Broderick]*

Vernon S. Broderick
United States District Judge